UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA SANDERS, ANTHONY
WILSON, JAIMEY GARRETT, and
DANOIS ALLEN, on behalf of themselves
and others similarly situated,

                  Plaintiffs,

– against –

THE CJS SOLUTIONS GROUP, LLC d/b/a
THE HCI GROUP,

                  Defendant.

**OPINION AND ORDER**

17 Civ. 3809 (ER)

Ramos, D.J.:

On January 16, 2018, Plaintiffs submitted an unopposed motion for preliminary approval of the settlement agreement. Doc. 93. On January 29, 2018, this Court denied Plaintiffs' motion without prejudice to refile an amended settlement agreement addressing the Court's concerns. Doc. 95. On February 18, 2018, Plaintiffs filed an amended unopposed motion for preliminary approval of the settlement agreement ("Am. Settlement Mot."). Doc. 97. For the reasons stated herein, that motion is GRANTED.

## I. Background and Procedural History

The Court assumes familiarity with the record and its prior opinion, which details the facts and procedural history of this case, and discusses here only those facts necessary for its disposition of the instant motion. *See* Order dated January 29, 2018 (Doc. 95).

HCI is a healthcare information technology firm that provides training and support to medical facilities in connection with their transition to new electronic recordkeeping systems. First Amended Complaint ("FAC") (Doc. 92) ¶ 18. Named Plaintiffs Patricia Sanders

("Sanders"), Anthony Wilson ("Wilson"), Jaimey Garrett ("Garrett"), and Danois Allen ("Allen") worked as consultants for HCI at various times between 2014 and 2017. *Id.* ¶¶ 4–7. Plaintiffs worked for HCI in New York, North Carolina, Maryland, Washington, and Rhode Island. *Id.*

Plaintiffs were classified by HCI as "independent contractors," but allege that they were actually employees. *Id.* ¶ 25. They also allege that they were "regularly" required to work twelve hour shifts for seven days a week while consulting for HCI. *Id.* ¶ 44. However, HCI paid them on an hourly basis for the hours they worked and did not use an overtime rate for hours worked beyond a forty hour workweek. *Id.* ¶¶ 47–48.

Plaintiffs bring nine causes of action against Defendant. First, Plaintiffs, on behalf of a proposed Fair Labor Standards Act ("FLSA") collective action, allege that Defendant failed to pay overtime in violation of the FLSA. *Id.* ¶¶ 96–100. Second, Plaintiffs, on behalf of a nationwide class, allege that Defendant was unjustly enriched by retaining the benefits of Plaintiffs' labor without paying overtime. *Id.* ¶¶ 103–04. Third, Plaintiffs Sanders and Wilson, on behalf of consultants who worked in New York, allege violations of New York Labor Law. *Id.* ¶¶ 116–18. Additionally, Plaintiff Garrett, on behalf of consultants who worked in the state of Washington, brings five claims under Washington law: violations of the Washington Minimum Wage Act, *id.* ¶¶ 121, 126–28, failure to pay for rest breaks, *id.* ¶¶ 133–37, failure to provide meal periods, *id.* ¶¶ 143–47, unpaid wages on termination, *id.* ¶¶ 150–51, and willful refusal to pay wages, *id.* ¶¶ 154–56. Finally, Plaintiff Allen, on behalf of consultants who worked in North Carolina, brings a claim for violation of North Carolina wage and hour laws. *Id.* ¶¶ 160–62.

After engaging in settlement negotiations with mediator Ruth D. Raisfield, the parties reached an agreement and submitted a proposed settlement to the Court on January 16, 2018. On January 29, 2018, the Court denied that motion, finding that it did not have probable cause to hold a full-scale hearing as to the fairness of the agreement. *See* Order dated January 29 (Doc. 95) at 7. Plaintiffs have now submitted an amended agreement (the "Amended Settlement Agreement") and request that the Court: (1) grant preliminary approval of the Amended Settlement Agreement; (2) conditionally certify the proposed settlement class under Rule 23 of the Federal Rules of Civil Procedure and the proposed collective action under § 216(b) of the FLSA;[1] (3) preliminarily approve the Named Plaintiffs as the settlement class representatives; (4) appoint Berger & Montague, P.C., Lichten & Liss-Riordan, P.C., and Blanchard & Walker PLLC as class counsel; (5) preliminarily appoint JND Legal Administration as Settlement Administrator and preliminarily approve the costs of claims administration; and (6) approve the Settlement Notice and Claim Forms and the schedule for final approval of the settlement agreement. Doc. 97.

## II. Proposed Settlement Agreement

The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class*

---

[1] The settlement class is defined as the Named Plaintiffs, Opt-in Plaintiffs, and "all individuals who worked as a Consultant for Defendant during any workweek between May 19, 2014 and May 31, 2017." Am. Settlement Agreement (Doc. 97-2) ¶ 14(y). HCI represents that there are approximately 1,800 members of the Settlement Class. *Id.*

*Actions* ("Newberg") § 13.10 n.7.50 (5th ed. 2017). The fairness of a settlement turns on its terms as well as the negotiating process from which it emerged. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (citing *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001)). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n-Eastern R.R.*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *See* Newberg § 13.10 n.10.

The Settlement Agreement reached by the parties provides that Defendants will pay a non-reversionary sum of $3,240,000.000 (the "Gross Settlement Amount") "in exchange for the release of the Settling Class Members' Released Claims." *See* Am. Settlement Agreement ¶ 14(n).

In its January 29th Order, the Court identified two problems with the Settlement Agreement that precluded preliminary approval. First, the general and nonmutual releases binding on the Named Plaintiffs "far exceed[ed] the scope of the FLSA." Order dated January 29, 2018 (Doc. 95) at 8. Second, the parties did not articulate "the range of possible recovery" for Plaintiffs. *Id.* The parties have resolved both of these issues in the Amended Settlement Agreement before the Court.[2]

---

[2] The parties have also made a few other changes to the Settlement Agreement—most notably, calculating each class member's *pro rata* share of the Net Settlement Amount based on hours of overtime worked rather than weeks worked. *See* Am. Settlement Agreement ¶ 33(b)(i). None of these changes alter the Court's view that preliminary approval is warranted in this case.

First, the parties have now consented to a release that is still non-mutual, but releases only those complaints "that were or could have been asserted" in this action against HCI. *See* Am. Settlement Agreement ¶ 17. This falls well within the scope of permissible releases under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Second, Plaintiffs have explained that, based on HCI's production of a spreadsheet showing the hours worked by potential class members, Plaintiffs could expect to recover $3,455,803.50 if completely successful. *See* Declaration of Sarah R. Schalman-Bergen in Support of Plaintiffs' Renewed Motion for Preliminary Settlement Approval ("Schalman-Bergen Decl.") (Doc. 97-3) ¶¶ 17–18. Here, Defendants have agreed to pay $3,240,000.00 to settle Plaintiffs' claims. Am. Settlement Agreement ¶ 14(n). Although the Amended Settlement Agreement provides for a slightly lower recovery, pursuing litigation would also bring considerable risk and delay recovery. *See* Schalman-Bergen Decl. ¶¶ 14–16 (describing the work required to continue pursuing litigation). Further, the settlement was negotiated for at arm's length with the assistance of an independent mediator, which reinforces the non-collusive nature of the settlement. *See O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009). The Court is therefore persuaded that the settlement amount is reasonable in light of the Plaintiffs' range of recovery, and should be submitted for a full-scale hearing on its fairness. *See also Santos v. El Tepeyac Butcher Shop Inc.*, No. 15 Civ. 814 (RA), 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015) (finding a settlement reasonable in light of the litigation risk and the existence of arm's-length negotiations between the parties but denying preliminary approval due to an overbroad release).

**III.     Conditional Certification of the Settlement Class and Collective Action**

Under Rule 23 of the Federal Rules of Civil Procedure, a class action may proceed when: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(1)–(4).

Plaintiffs seek conditional certification of a Rule 23(b) Class and an FLSA collective action for the purposes of facilitating a settlement, comprised of: "all individuals who performed work as a Consultant for The CJS Solutions Group, LLC d/b/a The HCI Group at any time from May 19, 2014 through on or about May 31, 2016." *See* Doc. 97.  Defendants do not oppose class certification for the purposes of achieving settlement and therefore do not contest that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met.  For the reasons stated in its January 29th Order, the Court finds that conditional certification is appropriate under these circumstances and that preliminary appointment of Berger & Montague, P.C., Lichen & Liss-Riordan, P.C., and Blanchard & Walker PLLC as class counsel for the settlement class is also warranted.  *See* Order dated January 29, 2018 (Doc. 95) at 9–12.[3]

**IV.     Preliminary Approval of Settlement Procedure**

The Court also approves the proposed class notice.  *See* Am. Settlement Agreement Ex. A.  Pursuant to Federal Rule of Civil Procedure 23, a notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class

---

[3] Prior to a full-scale fairness hearing, class counsel will submit a motion for final approval of attorneys' fees and costs.  Am. Settlement Agreement ¶ 31(b).  Counsel will seek up to one-third of the Gross Settlement Amount, plus reimbursement for their out of pocket costs.  *Id.*

6

> certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The class notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g.*, *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (noting that a class notice "need only describe the terms of the settlement generally"). The notice here is appropriate because it describes the terms of the settlement, informs the class members about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. The notice is therefore reasonable and constitutes due, adequate, and sufficient notice to the class members.

The Court hereby adopts the following settlement approval process, which safeguards class members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *see* Fed. R. Civ. P. 23(e); Newberg §§ 13.10 *et seq.*:

1) Within ten (10) days of this Order, Defendant's counsel will provide the settlement administrator[4] with an electronic database containing the names, last known address, last known telephone numbers, last known email addresses, social security numbers or tax ID numbers, and total hours of overtime worked for each class member.

2) Within five (5) days of receiving the contract information of the settlement class, the settlement administrator will mail and email the notice and claim forms to the settlement class members.

---

[4] The Court preliminarily approves the choice of JND Legal Administration as settlement administrator, and approves that its costs, not to exceed $40,000, may be deducted from the Gross Settlement Amount. *See* Am. Settlement Agreement ¶ 14(q) (explaining that the settlement administrator's costs will not exceed $40,000 and will be deducted from the Gross Settlement Amount).

3) Each class member shall have sixty (60) days after the initial mailing of the class notice to submit a claim form, object to, or opt-out of the settlement.

4) The Court will hold a fairness hearing on **Thursday, June 21, 2018 at 2:00 p.m.** at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, Courtroom 619.

5) No later than five (5) days prior to the fairness hearing, Plaintiffs will prepare and file a motion for final approval of the settlement, together with a motion seeking the payment of attorney's fees, costs, service awards, and administration awards.

## V. Conclusion

Accordingly, Plaintiffs' motion for preliminary approval of the Amended Settlement Agreement is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 97). It is SO ORDERED.

Dated: February 26, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.